Michael M. Ahmadshahi, Esq. (Bar No. 219933)
Email:  mahmadshahi@mmaiplaw.com
AHMADSHAHI LAW OFFICES
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile:  949.260.4996

Attorney for Plaintiff
Rush Direct, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| RUSH DIRECT, INC., | ) | Civil Action No. _____ |
| Plaintiff, | ) | **COMPLAINT** |
|  | ) | **DEMAND FOR JURY TRIAL** |
| v. | ) |  |
|  | ) |  |
| SOLID GOLD PET, LLC, | ) |  |
| Defendant. | ) |  |

Plaintiff Rush Direct, Inc. ("Rush" or "Plaintiff") for its causes of action against defendant Solid Gold Pet, LLC ("Solid" or "Defendant") alleges as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff Rush Direct, Inc. started doing business in 2003. Both of the founders had past experiences in the pet industry, having worked with complete food and rawhide chews for over 18 years. They enjoyed success in the rawhide business, being active proponents of increased safety standards such as the use of metal detectors and the use of quality raw material. Aware of new market trends of functional and innovative treats, the founders started a partnership with a Brazilian factory to start supplying the market with these products. As time passed, the founders travelled around the world to find new suppliers and to crystallize Plaintiff's Supply Chain 360™, a set of procedures implemented in its suppliers to guarantee compliance and timely deliveries. During this journey, Plaintiff guided itself by the principles of integrity and fairness. Plaintiff believes that consumers, suppliers and retailers form an ecosystem and should be treated with equal respect and honesty. Throughout its history, Plaintiff never had to recall any products due to safety concerns.

2.      Plaintiff brings this lawsuit to protect the substantial good will that it has developed for more than a decade in its distinctive GREENCOW RAWHIDE trademark. Plaintiff's federally-registered trademark has gained a reputation as being a source of high quality pet foods, chewables, and treats.

3.      The good will and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions. Defendant has used

and continues to use its GREEN COW mark ("GREEN COW WORD MARK") next to a picture of a cow having various shades of green color on a green background ("GREEN COW DESIGN MARK") (collectively, "GREEN COW MARKS"), which are confusingly similar to Plaintiff's GREENCOW RAWHIDE trademark, to sell competing goods to many of the same consumers served by Plaintiff.

4.    Defendant has been intentionally misusing the symbol ® with its GREEN COW MARKS even though Defendant does not own any registered trademarks for the GREEN COW MARKS. Unless Defendant is enjoined from using its GREEN COW MARKS, such uses will cause consumer confusion and will cause irreparable harm to Plaintiff.

5.    This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

6.    This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1141(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

7.    This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

8.     The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

9.     Defendant's acts of infringement of Plaintiff's registered mark were committed in the Central District of California, Southern Division, within the jurisdiction of this Court. Defendant has advertised its goods under the infringing mark in this state and has sold its goods to retail stores and online within the state that offer its products to the public, sold under the infringing mark.

10.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 as the defendant may be found or transacts affairs in this district and the claims alleged arose and are continuing to occur in this district.

## **PARTIES**

11.     Plaintiff Rush Direct, Inc. is a corporation organized and existing under the laws of the State of Illinois, having an office and place of business at 890 N. Wood Dale Road, Wood Dale, IL 60191.

12.     Upon information and belief, Defendant Solid Gold Pet, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having an office and place of business at 15455 Conway Road, Suite 100, Chesterfield, MO 63017.

# COMMON ALLEGATIONS

13.     Plaintiff has sold rawhide chews for dogs under the GREENCOW RAWHIDE trademark since 2004. It has used the GREENCOW RAWHIDE trademark continuously since that time.

14.     Plaintiff is the owner of federal trademark registration 3480403, which issued on August 5, 2008 on the principal register of the United States Patent and Trademark Office. This registration for the GREENCOW RAWHIDE trademark covers rawhide chews for dogs. A true copy of this registration is attached as Plaintiff's Exhibit 1. This registration has become incontestable under the provisions of 15 U.S.C. § 1065. The trademark is valid and subsisting and its registration has never been cancelled.

15.     Plaintiff's goods are sold in retail stores and pet stores throughout the United States as well as on its web site, www.rushdirect.net. Plaintiff has advertised its pet food products including rawhide chews for dogs in popular national magazines, trade shows, and online. Its pet food products have been featured in dozens of trade shows, articles as well as online platforms.

16.     Plaintiff has invested substantial time, effort and financial resources promoting its GREENCOW RAWHIDE trademark in connection with the marketing and sale of its goods in interstate commerce. The GREENCOW RAWHIDE trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its good will. The consuming public recognizes the GREENCOW RAWHIDE trademark and associates it with Plaintiff.

17.    Plaintiff's GREENCOW RAWHIDE trademark is inherently distinctive as applied to Plaintiff's goods that bear the mark.

18.    Notwithstanding plaintiff's established rights in the trademark GREENCOW RAWHIDE, on information and belief, Defendant adopted and used the confusingly similar GREEN COW MARKS in interstate commerce in connection with the sale and offering for sale of pet food products.

19.    Defendant sells its pet food products at some of the same retail stores that also stock Plaintiff's pet food products. It also owns the www.solidgoldpet.com domain name and sells its pet food products at the web site connected to that domain name. Defendant further sells its pet food products through online stores such as Chewy.com and Petco.com as well as online marketplaces such as Amazon.com and eBay.com.

20.    Defendant's GREEN COW MARKS as they appear on its products is attached as Plaintiff's Exhibit 2.

21.    Without Plaintiff's consent, Defendant has used the GREEN COW MARKS in connection with the sale, offering for sale, distribution or advertising of its goods.

22.    In addition, Defendant has been intentionally misusing the symbol ® with its GREEN COW MARKS even though Defendant does not own any registered trademarks for the GREEN COW MARKS.

23.     Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the GREENCOW RAWHIDE trademark.

24.     Defendant's actions are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

25.     Upon information and belief, Defendant has advertised and offered its goods for sale using the GREEN COW MARKS with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and good will.

26.     Plaintiff has requested in writing that Defendant cease and desist from its infringing actions but Defendant has refused to comply. Plaintiff's letter to Defendant and Defendant's response letter to Plaintiff are attached as Plaintiff's Exhibits 3 and 4.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) DEFENDANT'S USE OF GREEN COW WORD MARK

27.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–26 inclusive, as though fully set forth.

28.     As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.     Defendant's unauthorized use of the GREEN COW WORD MARK in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

30.     As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and good will.

31.     Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) DEFENDANT'S USE OF GREEN COW DESIGN MARK

32.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–31 inclusive, as though fully set forth.

33.     As its second ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.     Defendant's unauthorized use of the GREEN COW DESIGN MARK in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

35.     As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and good will.

36.     Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT III: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)) DEFENDANT'S USE OF GREEN COW WORD MARK

37.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–36 inclusive, as though fully set forth.

38.     As its third ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     Defendant's unauthorized marketing and sale of its products in interstate commerce using its GREEN COW WORD MARK constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

40.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

41.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and good will.

42.     Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT IV: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)) DEFENDANT'S USE OF GREEN COW DESIGN MARK

43.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–42 inclusive, as though fully set forth.

44.     As its fourth ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendant's unauthorized marketing and sale of its products in interstate commerce using its GREEN COW DESIGN MARK constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

46.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

47.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and good will.

48.     Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT V: CALIFORNIA UCL (B&P CODE § 17200 ET SEQ) DEFENDANT'S USE OF GREEN COW WORD MARK

49.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-48 inclusive, as though fully set forth.

50.     As its fifth ground for relief, Plaintiff hereby alleges that Defendant has violated the California Unfair Competition Law (B&P Code § 17200 et seq.).

51.     By using the GREEN COW WORD MARK, the Defendant has wrongfully appropriated, adopted and used the Plaintiff's GREENCOW RAWHIDE trademark in connection with the sale and offering for sale of its goods and is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Plaintiff, thus constituting a violation of the California Unfair Competition Law (B&P Code § 17200 et seq.).

52.     The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Plaintiff and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation.

53.     Defendant's use of Plaintiff's GREENCOW RAWHIDE trademark has deprived Plaintiff of the right to control the use of its intellectual property.

54.     As a direct and proximate result of Defendant's unlawful infringement, Plaintiff has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Plaintiff is entitled to all available relief provided for in California Unfair Competition Law (B&P Code § 17200 et seq.) including permanent injunctive relief.

55.     Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiff in its business and with conscious disregard for Plaintiff's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## COUNT VI: CALIFORNIA UCL (B&P CODE § 17200 ET SEQ) DEFENDANT'S USE OF GREEN COW DESIGN MARK

56.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-55 inclusive, as though fully set forth.

57.     As its sixth ground for relief, Plaintiff hereby alleges that Defendant has violated the California Unfair Competition Law (B&P Code § 17200 et seq.).

58.     By using the GREEN COW DESIGN MARK, the Defendant has wrongfully appropriated, adopted and used the Plaintiff's GREENCOW RAWHIDE trademark in connection with the sale and offering for sale of its goods and is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Plaintiff, thus constituting a violation of the California Unfair Competition Law (B&P Code § 17200 et seq.).

59.     The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Plaintiff and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation.

60.     Defendant's use of Plaintiff's GREENCOW RAWHIDE trademark has deprived Plaintiff of the right to control the use of its intellectual property.

61.     As a direct and proximate result of Defendant's unlawful infringement, Plaintiff has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Plaintiff is entitled to all available relief provided for in California Unfair Competition Law (B&P Code § 17200 et seq.) including permanent injunctive relief.

62.     Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure

Plaintiff in its business and with conscious disregard for Plaintiff's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## COUNT VII: CALIFORNIA COMMON LAW UNFAIR COMPETITION DEFENDANT'S USE OF GREEN COW WORD MARK

63.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-62 inclusive, as though fully set forth.

64.    As its seventh ground for relief, Plaintiff hereby alleges that Defendant has violated the California Common Law Unfair Competition.

65.    Defendant's infringement of the GREENCOW RAWHIDE trademark by using the GREEN COW WORD MARK constitutes unfair competition in violation of the common law of the state of California.

66.    Defendant is a competitor of Plaintiff and has copied Plaintiff's trademark in an effort to exploit Plaintiff's reputation in the market.

67.    Defendant's infringing acts were intended to capitalize on Plaintiff's goodwill associated therewith for Defendant's own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its brands of rawhide chews for dogs. As a result of Plaintiff's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

68.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

69.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

70.     The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter it from similar such conduct in the future.

71.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing Plaintiff's trademark and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT VIII: CALIFORNIA COMMON LAW UNFAIR COMPETITION DEFENDANT'S USE OF GREEN COW DESIGN MARK

72.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-71 inclusive, as though fully set forth.

73.     As its eighth ground for relief, Plaintiff hereby alleges that Defendant has violated the California Common Law Unfair Competition.

74.    Defendant's infringement of the GREENCOW RAWHIDE trademark by using the GREEN COW DESIGN MARK constitutes unfair competition in violation of the common law of the state of California.

75.    Defendant is a competitor of Plaintiff and has copied Plaintiff's trademark in an effort to exploit Plaintiff's reputation in the market.

76.    Defendant's infringing acts were intended to capitalize on Plaintiff's goodwill associated therewith for Defendant's own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its brands of rawhide chews for dogs. As a result of Plaintiff's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

77.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

78.    Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

79.    The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter it from similar such conduct in the future.

80.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing Plaintiff's trademark and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT IX: CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT
## DEFENDANT'S USE OF GREEN COW WORD MARK

81.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-80 inclusive, as though fully set forth.

82.     As its ninth ground for relief, Plaintiff hereby alleges California Common Law Trademark infringement.

83.     Defendant's infringement of Plaintiff's GREENCOW RAWHIDE trademark by using the GREEN COW WORD MARK constitutes common law trademark infringement in violation of the common law of the state of California.

84.     Defendant's unauthorized use of the GREENCOW RAWHIDE trademark has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff

85.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

86.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

87.     The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter it from similar such conduct in the future.

88.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing the GREENCOW RAWHIDE trademark and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT X: CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT
## DEFENDANT'S USE OF GREEN COW DESIGN MARK

89.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-88 inclusive, as though fully set forth.

90.     As its tenth ground for relief, Plaintiff hereby alleges California Common Law Trademark infringement.

91.     Defendant's infringement of Plaintiff's GREENCOW RAWHIDE trademark by using the GREEN COW DESIGN MARK constitutes common law trademark infringement in violation of the common law of the state of California.

92.     Defendant's unauthorized use of the GREENCOW RAWHIDE trademark has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff

93.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

94.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

95.     The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter it from similar such conduct in the future.

96.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing the GREENCOW RAWHIDE trademark and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

# **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

I.     As to each of Defendant's GREEN COW MARKS, entering a judgment that Plaintiff's GREENCOW RAWHIDE trademark has been and continues to be infringed by Defendant's uses of its GREEN COW MARKS in violation of 15 U.S.C. § 1114(1);

II.     As to each of Defendant's GREEN COW MARKS, entering a judgment that Defendant's uses of its GREEN COW MARKS constitute federal unfair competition in violation of 15 U.S.C. § 1125(a);

III.     As to each of Defendant's GREEN COW MARKS, entering a judgment that Defendant's uses of its GREEN COW MARKS violate the California Unfair Competition Law in violation of B&P Code § 17200 et seq.;

IV.     As to each of Defendant's GREEN COW MARKS, entering a judgment that Defendant's uses of its GREEN COW MARKS violate California common law trademark infringement and common law unfair competition laws;

V.     As to each of Defendant's GREEN COW MARKS, permanently enjoining and restraining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the GREEN COW MARKS with or without any accompanying logo, or any other designation alone or in combination

with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's GREENCOW RAWHIDE trademark;

VI.     As to each of Defendant's GREEN COW MARKS, pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

VII.    As to each of Defendant's GREEN COW MARKS, pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

VIII.   As to each of Defendant's GREEN COW MARKS, awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

IX.     As to each of Defendant's GREEN COW MARKS, awarding to Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

X.     As to each of Defendant's GREEN COW MARKS, awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

XI.    As to each of Defendant's GREEN COW MARKS, awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions;

XII.   As to each of Defendant's GREEN COW MARKS, awarding Plaintiff punitive damages in connection with its claims under California law; and

XIII.  Granting Plaintiff such other and further relief as the Court may deem just.

Respectfully submitted,

Dated: December 19, 2017,          AHMADSHAHI LAW OFFICES

By:   /s/Michael M. Ahmadshahi
      Michael M. Ahmadshahi, Esq.
      Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all matters to which it is entitled by law.

Dated: December 19, 2017,

By:    /s/ Michael M. Ahmadshahi
Michael M. Ahmadshahi, Esq.
AHMADSHAHI LAW OFFICES
Michael M. Ahmadshahi, Esq.
2030 Main Street, Ste. 1300
Irvine, CA 92614
Telephone: 949.260.4997
Facsimile:  949.260.4996
Email:  mahmadshahi@mmaiplaw.com
Attorney for Plaintiff